**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JAMES KELLY HAYNES                                             PETITIONER

vs.                           5:08 CV00337 JMM- JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
INSTRUCTION**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other

>   evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, James Kelly Haynes.[1] (Docket entry #2, 22). Respondent has filed a Response (Docket entry #9, 25), and Petitioner has filed a Reply. (Docket entry #17, 26). Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the relevant procedural history of the case. On May 10, 2002, a Sebastian County jury convicted Petitioner of rape and burglary. (Docket entry #2). He was sentenced to life imprisonment on the rape conviction and to forty (40) years' imprisonment on the burglary conviction. (Docket entry #9).

Petitioner appealed his conviction to the Arkansas Supreme Court, where he argued: (1) there was insufficient evidence to support his conviction; and (2) the trial court erred in denying his motion to suppress DNA evidence. *Haynes v. State of Arkansas*, 354 Ark. 514, 127 S.W.3d 456

---

[1] Petitioner initiated this action on December 18, 2008. (Docket entry #2). After this Court granted him leave to amend, he filed an Amended Petition on May 21, 2009. (Docket entry #22).

(2003).

On October 30, 2003, the Arkansas Supreme Court affirmed Petitioner's conviction and, on May 17, 2004, the United States Supreme Court denied his petition for a writ of certiorari. *Haynes v. Arkansas*, 541 U.S. 1047 (2004).

On June 8, 2004, Petitioner filed a Rule 37 Petition for postconviction relief in Sebastian County Circuit Court, arguing that his trial counsel was constitutionally ineffective because he failed to: (1) discover, prior to calling Petitioner's wife as a witness, that she had given a prior inconsistent statement; (2) make a hearsay objection to the reading of a detective's report into the record; (3) object to the state's introduction of prejudicial exhibits; (4) lodge a Batson challenge to the State's use of peremptory strikes; (5) make an adequate record on any objections; and (6) make an appropriate opening and closing statement. (Docket #9, Exhibit D). On August 24, 2005, the trial court denied the Rule 37 Petition and Petitioner filed a timely notice of appeal with the Arkansas Supreme Court. (Docket entry #17).

On February 7, 2008, the Arkansas Supreme Court affirmed the trial court's denial of Petitioner's Rule 37 Petition. *See Haynes v. State,* No. 07-407 2008 WL 324680 (Ark. February 7, 2008).

On December 9, 2008, Petitioner filed a motion requesting the Arkansas Supreme Court to reinvest jurisdiction in the trial court to consider a petition for a writ of error *coram nobis.* (Docket entry #9, Exhibit G). On March 19, 2009, the Court denied the motion. (Docket entry #9, Exhibit I).

On December 19, 2008, Petitioner filed this federal habeas action. (Docket entry #2). In the Petition, he argues: (1) his conviction was obtained using DNA evidence seized in an unlawful

search and seizure; (2) the trial judge was biased because, when he was a public defender, he had represented Petitioner; and (3) his trial counsel was ineffective for failing to object to the State's use of peremptory strikes in a racially discriminatory manner. (Docket entry #2, 22).

Respondent argues that: (1) Petitioner's claims are time-barred[2]; (2) Petitioner has procedurally defaulted all of his claims; and (3) Petitioner's claims are all without merit. (Docket entry #9, 25).

For the reasons explained below, the Court recommends that the Petition for Writ of Habeas Corpus be denied and dismissed, with prejudice, because Petitioner has procedurally defaulted all three of his claims.

## II. Discussion

**A.     Procedural Default**

   *(1)     Petitioner's Claim That He Was Convicted Based on Evidence Obtained in An Unconstitutional Search and Seizure*

Petitioner argues that the state unlawfully seized a sample of his DNA in violation of his Fourth Amendment rights. According to Respondent, this Fourth Amendment claim is barred by the Court's holding in *Stone v. Powell,* 428 U.S. 465, 482 (1976)("where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief").

To succeed on a federal habeas claim, a petitioner must show that he was denied a "full and fair opportunity to litigate his claim" by demonstrating that the state "provided no corrective

---

[2] From the record available to the Court, it appears all of Petitioner's claims may be time-barred. However, the resolution of that issue would require the Court to address complex questions of equitable tolling, which are not adequately developed in the current record. Thus, the Court is not in a position to address Respondent's statute of limitations argument.

procedures at all to address the alleged Fourth Amendment violation . . . [or] provided a corrective mechanism, but was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007) (quoting *Willett v. Lockhart*, 37 F.3d 1265, 1271-72 (8th Cir.1994)). The inquiry focuses on whether the petitioner "received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred." *Id.*

Petitioner filed a Motion to Suppress the DNA evidence, with the trial court, on the ground that it was seized in violation of his Fourth Amendment rights. The trial court denied the Motion and Petitioner raised the issue again in his direct appeal to the Arkansas Supreme Court. *Haynes v. State*, 354 Ark. 514, 524 (2003). The Court considered but rejected the argument in affirming Petitioner's conviction. *Id.*

Thus, the record establishes that Petitioner had the opportunity to fully and fairly litigate his Fourth Amendment claim during his state court trial and direct appeal to the Arkansas Supreme Court. Based on the Court's holding in *Stone*, Petitioner's Fourth Amendment claim is not reviewable in this habeas action. *Stone*, 428 U.S. at 482.

### *(2) Petitioner's Claim That the Trial Judge was Biased*

Petitioner contends that the trial judge, a former public defender, had previously represented him in a sexual abuse case. As a result of this prior representation, Petitioner argues that the trial judge was biased against him, and this caused the trial judge to make a series of unfavorable rulings against Petitioner. Respondent argues that, because Petitioner never presented the substance of this

claim in any of his state court proceedings, he has procedurally defaulted the claim.[3]

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to the trial court and appellate court, thereby alerting those courts to the federal nature of his claims and giving those courts an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29; see also 28 U.S.C. § 2254(b) and (c). "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir.2006) and *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)). In order to satisfy the requirement that he fairly present his habeas claims in state court, a petitioner must have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) ( quoting *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir.1997)).

Petitioner failed to raise with the trial judge the issue of his alleged bias. Similarly, on direct appeal to the Arkansas Supreme Court, Petitioner failed to raise this issue. Finally, Petitioner did not raise this issue in his Rule 37 appeal to the Arkansas Supreme Court. Accordingly, Petitioner has procedurally defaulted this claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)(holding that claims in federal habeas petition which were not presented in state court proceedings and for which there is no remaining state court remedy, are defaulted).

---

[3] During his trial and direct appeal to the Arkansas Supreme Court, Petitioner did *not* raise the issue of the trial judge's alleged bias. In the Rule 37 proceeding before the trial court, Petitioner, for the first time, raised this issue in a "Motion to Recuse." After the trial court denied the Rule 37 Petition, the issue was *not* raised by Petitioner in his appeal to the Arkansas Supreme Court.

### *(3) Petitioner's Ineffective Assistance of Counsel Claim*

Finally, Petitioner argues that his trial counsel was ineffective for failing to object to the State's alleged use of peremptory strikes in a racially discriminatory manner. Respondent contends that Petitioner's claim is procedurally defaulted because the Arkansas Supreme Court disposed of this clam on state procedural grounds. *Haynes v. State*, 2008 WL 324680 (2008).

It is well established that "a federal court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir.2004). A state procedural rule is an "independent" state basis for decision when "it is neither intertwined with, nor dependent upon, federal law[.]" *Malone v. Vasquez*, 138 F.3d 711, 717 (8th Cir. 1998) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

The Arkansas Supreme Court affirmed the denial of Petitioner's claim for ineffective assistance of counsel, finding that Petitioner's argument "amounted to mere conclusory statements" and that he "provided no facts to support the allegation that the jury was biased against him because of his race, or that trial counsel failed to undertake a viable legal maneuver to prevent [Petitioner] from being tried by the jury that was empaneled." *Haynes*, 2008 WL 324680, *2. Thus, the Court concludes that, because the Arkansas Supreme Court disposed of Petitioner's ineffective assistance of counsel claim on independent and adequate non-federal grounds, that claim cannot be considered in this federal habeas action.

**B.      Exceptions to Procedural Default**

A habeas petitioner's procedural default will be excused if he can demonstrate: (1) the "cause and prejudice" exception; or (2) the "actual innocence" exception. "[T]he existence of cause for

procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier* , 477 U.S. 478, 496 (1986).  If a habeas petitioner does not establish cause, there is no need to consider whether he has established prejudice.  *Sherron v. Norris* , 69 F.3d 285, 289 (8th Cir. 1995).

Petitioner has not provided any explanation or defense to excuse his procedural default. Because Petitioner has not established cause, it is not necessary for the Court to consider whether he was prejudiced.

In a noncapital case, actual innocence is not an independent basis for habeas relief.  Instead, it is merely a "gateway" by which a court may proceed to the merits of a procedurally barred constitutional claim.  See *Herrera v. Collins*, 506 U.S. 390, 400-17 (1993).  To establish actual innocence, a habeas petitioner must: (1) come forward with new reliable evidence that was not available at trial, and, importantly, could not have been discovered earlier through the exercise of due diligence; and (2) show, in light of that new reliable evidence, that it is more likely than not that no reasonable juror would have convicted him.  *Amrine v. Bowersox*, 128 F.3d 1222, 1230 (8th Cir. 1997); *Weeks v. Bowersox* , 119 F.3d 1342, 1350-51 (8th Cir.1997).

Petitioner does not allege that there is new reliable evidence that was not available at trial. Thus, the Court concludes that the "actual innocence" exception to procedural default is not applicable in this case.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254, be DISMISSED, WITH PREJUDICE.

Dated this 2nd day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE